# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #057

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **13th day of December, 2024** are as follows:

**PER CURIAM:**

2023-BA-01455

IN RE: COMMITTEE ON BAR ADMISSIONS CFN-65372

CONDITIONAL ADMISSION GRANTED. SEE PER CURIAM.

Weimer, C.J., dissents and assigns reasons.

Griffin, J., concurs in part, dissents in part and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 2023-BA-1455

IN RE: COMMITTEE ON BAR ADMISSIONS CFN-65372

BAR ADMISSIONS PROCEEDING

PER CURIAM[*]

Petitioner applied to take the Louisiana Bar Examination. However, the Committee on Bar Admissions ("Committee") advised petitioner that it could not certify her to take the bar exam on character and fitness grounds relating to her record of criminal offenses. On petitioner's application to this court, we granted her permission to sit for the bar exam, with the condition that upon her successful completion of the exam, she apply for the appointment of a commissioner to take character and fitness evidence. *In re: Committee on Bar Admissions CFN-65372*, 22-0082 (La. 1/26/22), 331 So. 3d 916.

Petitioner ultimately passed the July 2023 bar exam. Thereafter, she filed an application in this court seeking the appointment of a commissioner. We remanded the matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. The proceedings before the commissioner focused upon petitioner's criminal offenses and rehabilitation, as well as the issue of petitioner's delinquent debt, some of which she had not disclosed on her bar application.

Following the proceedings, the commissioner filed his report with this court, recommending petitioner be admitted to the practice of law. The commissioner noted that all of petitioner's criminal offenses were committed years ago, and many

[*] Justice Jeannette Theriot Knoll, retired, appointed Justice *Pro Tempore*, sitting for the vacancy in Louisiana Supreme Court District 3.

were misdemeanors committed when she was an immature young woman. Regarding petitioner's delinquent debt, the commissioner found that petitioner did not exercise diligence in her financial affairs, which were managed by her husband, but that her actions were "understandable."

The Committee filed an objection to the commissioner's recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).[1]

Considering the commissioner's recommendation and the entire record of this proceeding, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana, subject to the following conditions:

I. The term of this conditional admission shall be for two years from the date of admission. However, petitioner's conditional admission status shall not be terminated until this court so orders.

II. Within thirty days of petitioner's admission, she shall enter into a formal plan with the Office of Disciplinary Counsel ("ODC") incorporating the following conditions:

A. During the period of this conditional admission, petitioner shall provide evidence to the ODC, on at least a quarterly basis, demonstrating that all of her financial obligations have been paid as agreed.

B. During the period of this conditional admission, petitioner shall participate in a financial counseling program approved by the ODC.

C. During the period of this conditional admission, petitioner shall attend and successfully complete the Louisiana State Bar Association's Ethics School and Trust Accounting School.

---

[1] After this matter was docketed for oral argument, petitioner filed a motion to supplement the record with evidence pertaining to the current status of her delinquent debt. The court deferred this motion to the merits and at this time grants the motion.

D. Petitioner shall request that the ODC appoint a practice monitor to supervise her professional activities during the period of this conditional admission. Petitioner shall comply with all reasonable requests of her practice monitor.

E. Petitioner shall cooperate with the ODC, and shall comply with any and all requirements imposed upon her by the ODC.

III. Within thirty days prior to the expiration of the conditional admission, the ODC shall file a report in this court in which it shall recommend to the court that the conditional admission be allowed to terminate or be extended.

Should petitioner fail to make a good faith effort to satisfy these conditions, or should she commit any misconduct during the period of probation, her conditional right to practice may be terminated or she may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.

**CONDITIONAL ADMISSION GRANTED.**

# SUPREME COURT OF LOUISIANA

## No. 2023-BA-1455

## IN RE: COMMITTEE ON BAR ADMISSIONS CFN-65372

## BAR ADMISSIONS PROCEEDING

**WEIMER, C.J.,** dissenting

Based on petitioner's testimony, to say she had a difficult childhood would be an understatement. The extent to which she has turned her life around is remarkable. I agree that any concerns about her long ago criminal acts are no longer well-founded, as she has demonstrated a commitment to reforming herself and appears to be rehabilitated. However, I remain concerned about recent events related to unaddressed debt.

The Committee on Bar Admissions ("the Committee") acknowledges that petitioner's neglect of her financial obligations was fully addressed at the commissioner's hearing. Contrary to the commissioner's findings, the Committee contends the evidence presented does not sufficiently meet the requisite burden of proving petitioner's good moral character by clear and convincing evidence, and therefore admission to the bar of this state should be denied at this time. I agree.

Petitioner submitted amendments to her NCBE application in August 2023, at which time she revealed the revocation of three credit card accounts: (1) Chase Bank Credit #4350, balance of $5,611.40, with the last payment being made on April 12, 2023; (2) Chase Bank #9404, balance of $15,884.12, with the last payment being made on May 29, 2023; and (3) Merrick Bank, balance of $3,589.02, with the last payment being made on March 7, 2023. Petitioner explained that her financial obligations had been impacted by her husband being laid off from work, but that she was working towards a resolution with the creditors.

Approximately eight months later, in petitioner's sworn statement to the

Committee, it was confirmed that the revoked credit card accounts were still unresolved, in collections, and unpaid. One year had elapsed since payments had been made, and as a result of nonpayment, the balances had increased from those originally reported. When asked about the current status of the debts, petitioner explained that she was still at the point of contacting the creditors by phone. Her statements disclosed a vague recollection of settlement offers, and when asked whether she was aware of any other delinquent debt, petitioner answered that she was not aware of any other delinquency.

In furtherance of its investigation, and because petitioner's testimony did not add up, the Committee requested that petitioner provide "any documentation providing the status of each outstanding debt, including but not limited to any settlement arrangements, payment plans, or proofs of payment," along with current credit reports. Petitioner provided letters from Chase Bank containing an offer to settle both accounts for an amount less than owed. She also provided a copy of her credit reports, accompanied by correspondence which revealed further and additional unaddressed debt that had not been disclosed with Comenity Capital/Zales ($11,158.00), Synchrony/Sam's Club ($7,833.00), Bank of America ($3,681.00), and American Express ($18,594.40).

There remained a significant amount of $66,350.54 in unaddressed debt. It was not until the approach of the commissioner's hearing that settlement arrangements were made. Petitioner agreed to a settlement arrangement and/or made a payment approximately two weeks prior to the hearing. Although settlements and some payments were finally being made, a considerable amount of the total unaddressed debt was forgiven by the creditors, and a balance of $10,055.44 remained at the time of the hearing. Scheduled payments to address the balance were set on dates after the

2

hearing; therefore, the Committee did not have verification of whether those payments were made.

The Committee expressed lingering concern over petitioner's recent neglect of her financial responsibility. Such neglect is serious conduct and warrants a demonstration of commitment towards rehabilitation. In my view, petitioner has not been able to adequately establish her commitment towards rehabilitation. She was fully aware of her financial circumstances and that obligations were not being paid. This neglect continued for almost one year, until just before the commissioner's hearing, when she finally agreed to settle for amounts substantially below what was owed and make some payments.

As a result of the debt being remedied just prior to the commissioner's hearing, the Committee did not find that enough of a commitment to rehabilitation has been established, and I agree. The neglect of petitioner's obligations began years ago and continued into the present year, demonstrating how recently she engaged in this conduct. Most of the settlements and payments were made in May 2024, only a few months ago. Financial responsibility is incredibly significant in the practice of law, as attorneys have the fiduciary duty of overseeing and handling assets and funds belonging to others. The Committee's concern over the recent neglect of financial responsibility is rightly placed.

I agree with the Committee's contention that the petitioner has not met her requisite burden of proof by clear and convincing evidence and that she should be denied admission to the bar at this time. She can reapply when her finances are in order.

# SUPREME COURT OF LOUISIANA

## No. 2023-BA-01455

## IN RE: COMMITTEE ON BAR ADMISSIONS CFN-65372

*Bar Admission Proceeding*


**GRIFFIN, J., concurs in part, dissents in part and assigns reasons.**

I would grant petitioner's admission without the imposition of any conditions.